# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRINT CLARK, | Case No. 1:15-cv-00350-JLT (PC) |
| Plaintiff, | **ORDER DISMISSING ACTION AS BARRED BY THE STATUTE OF LIMITATIONS** |
| v. | |
| BRAZELTON, et al., | **(Doc. 23)** |
| Defendants. | |

Plaintiff alleges various causes of action against several prison staff at Pleasant Valley State Prison for improperly identifying him as a member of the Black Gorilla Family ("BGF") gang when, in fact, he is a member of the Crips gang. (Doc. 23.) For the reasons discussed below, Plaintiff's claims are barred by the statute of limitations and this action is **DISMISSED** with prejudice.

## A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.    Second Amended Complaint

Though he is now housed at California Correctional Institute, Plaintiff complains of acts that occurred while he was housed at Pleasant Valley State Prison at the hands of Defendants Warden, PD Brazelton, Lieutenants A. Shimmin and Duty, and Correctional Officer M. Seese. Plaintiff seeks monetary and declaratory relief.

Plaintiff identifies the following three "Counts" in which he asserts multiple constitutional claims: (1) due process violation, discrimination based on race, and intentional infliction of emotional distress; (2) cruel and unusual punishment, failure to protect/safety, negligence; and (3) defamation and libel.  Though there are other substantial defects in his pleading, as discussed below, Plaintiff's claims are **DISMISSED** because they are barred by the statute of limitations.

#### 1. Summary of Allegations

Plaintiff alleges that, prior to and upon entering CDCR, he was recognized as a member of the Crips gang and CDCR classified him as a Crip.  (Doc. 23, p. 8.)  Plaintiff alleges that, on April 23, 2009, C/O Seese submitted a false and fraudulent 128-B chrono (based on a drawing of a gorilla found in Plaintiff cell) associating Plaintiff with the BGF.  (*Id.*)  Thereafter, C/O Seese used the drawing to inappropriately cell Plaintiff with BGF, who were his known enemies.  (*Id.*) Prior to this, Plaintiff had only ever been housed with Crips as cellmates as they are a "rival faction to all other gang [sic] that are not Crips, espically [sic] BGF."  (*Id.*)  C/O Seese is an ISU officer and as such, part of his duties include reviewing Plaintiff's Central File (C-File) which

contained documentation that labeled Plaintiff as a Crip. (*Id.*) On this basis, C/O Seese allegedly knew, or should have known the ramifications of the chrono he generated which changed Plaintiff's status. (*Id.*)

When C/O Seese wrongly identified Plaintiff as a BGF, Plaintiff's "bed card," reflecting who he could be placed with, was changed which put his life in danger. (*Id.*, p. 9.) Plaintiff alleges that, as a result of this wrong gang identification, he was sliced on the arm, stabbed in the torso, and had numerous other violent altercations with members of both the BGF and Crips. (*Id.*)

In February 2010, Plaintiff was informed by the psychiatrist during an evaluation for his hearing with the Parole Board, that he was labeled both a BGF and a Crip. (*Id.*, p. 9.) Subsequently, Plaintiff approached Lt. Duty as he was leaving the yard and questioned him about the false chrono generated by C/O Seese since he would have had to okay it. (*Id.*) Plaintiff informed Lt. Duty he was being treated badly by other inmates and that the false chrono had come up in his parole hearing. (*Id.*) Lt. Duty said he fully agreed with C/O Seese's chrono and that there was nothing Plaintiff could do to change it. (*Id.*, pp. 10-11.)

Thereafter, Plaintiff wrote a letter to Warden Brazelton, explaining the situation. (*Id.*, p. 10.) An Associate Warden responded and told Plaintiff to use the inmate appeal (IA) process to raise the concern. Plaintiff filed IA number PVSP-S-12-02521. (*Id.*) On November 16, 2012, Plaintiff stated to the Institutional Classification Committee (ICC) that he was tired of the prison politics and wanted to transfer to a sensitive needs yard because he believed he was not safe and felt that CDCR could not protect him under his current living circumstances. (*Id.*) On November 21, 2012, Plaintiff appeared before the Ad-Seg ICC and was placed "on the 128-G under gang - no gang status." (*Id.*)

On March 19, 2013, Lt. Shimmin interviewed Plaintiff for the second level of his IA and conceded in writing that there was not enough proof to validate Plaintiff as a BGF member or associate and that, regardless of the accuracy of the allegations, Plaintiff should be housed immediately in Ad-Seg to await processing for placement in the secured housing unit (SHU). (*Id.*)

On September 17, 2013, CDCR contacted Plaintiff and supplied him with "an expert in Black Gangs" who found that "Plaintiff is an early and/or foundational member of the Inland Empire Garden (IEG), currently using the Crips designation to represent the gang membership." (*Id.*)  On December 21, 2013, Plaintiff appeared before the "Security Threat Group Classification Committee" who validated Plaintiff as a "Crip-California Garden."  (*Id.*)

### C.     Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*

*Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

It is under this rubric that Plaintiff's allegations are evaluated.

### D.     **Statute of Limitations**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitations for personal injury actions.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914.  California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003.  Cal. Civ. Proc. Code § 335.1 (West 2007); *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law.  *Jones*, 393 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1 (West 2007).  Thus, Plaintiff had a total of four years from when he knew, or had reason to know about the action taken by C/O Seese to file his action.

Nevertheless, Plaintiff admits that in February of 2010, he was informed during a psychiatric evaluation for his Parole Board hearing that he had recently been labeled as both a BGF and a Crip.  (Doc. 23, p. 9, ¶ 14.)  Thus, to be timely, Plaintiff would have had to file this action no later than the end of February of 2014.  However, Plaintiff did not file this action until March 5, 2015 (*see* Doc. 1) -- more than a year after the statute of limitations had lapsed.

The merits of Plaintiff's claims need not be addressed since the statute of limitations is

1    dispositive.  However, it is noteworthy that when the allegations of the SAC are viewed along
2    with the documents which Plaintiff attached as exhibits to his original Complaint, it is evident
3    that the information before Defendants at the time they labeled Plaintiff as a BGF associate, did
4    not show he was a long-time member of the Crips. (*See e.g.*, Doc. 1, p. 141 (February 28, 1998
5    Rules Violation Report indicates Plaintiff stated "I'm not a crip and I don't run with crips."); *see*
6    *also* p. 142 (Classification: ICC-Ad/Seg Committee Action Report, dated February 15, 1998,
7    states "ICC is electing to modify [Plaintiff's] CDC-182, which indicates he is a member of the
8    'Crips.'  However, ICC does not find any documentation to support his being gang affiliated,
9    based on this information, ICC is electing to adjust the CDC-812 to reflect no gang affiliation.
10   His confidential file is noted."); *see also Id.*, p. 66 (Work/Gang history report/general chrono
11   dated March 9, 2010, in which a correctional officer states that Plaintiff worked as his crew "Lead
12   Man" and that, during his supervision of Plaintiff, Plaintiff interacted with several different races
13   and several different black gangs on the yard; when he questioned Plaintiff about his gang status
14   or affiliation Plaintiff always responded that he was **not** a Blood or BGF and definitely **not** a Crip
15   and that Plaintiff expressed disdain towards Crips on numerous occasions; and that Plaintiff
16   assisted correctional staff whenever there was tension amongst Black inmates and would act as a
17   "go-between" staff and inmates to resolve issues, even if the issues was with another race or
18   between rival gangs.)  Thus, there is no showing that the Defendants had reason to know that
19   classifying him as a BGF would place Plaintiff at risk of serious harm.
20           Prison officials have a duty under the Eighth Amendment "to take reasonable measures to
21   guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners."
22   *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer v. Brennan*, 511
23   U.S. 825, 832-33 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).   To establish
24   a violation of this duty, the prisoner must "show that he is incarcerated under conditions posing a
25   substantial risk of serious harm," *Farmer*, at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349
26   (1981), that the prison officials knew of and disregarded.  *Id.* at 837; *Anderson v. County of Kern*,
27   45 F.3d 1310, 1313 (9th Cir. 1995).  Liability may follow only if a prison official "knows that
28   inmates face a substantial risk of serious harm and disregards that risk by failing to take

1  reasonable measures to abate it." *Id*. at 847.

2  Plaintiff's allegations, when combined with the exhibits to his original complaint, demonstrate that Plaintiff cannot make the above showing.  Further, in Plaintiff's inmate appeal (IA No. PVSP-S-12-02521) in which he asserted that the one drawing of a gorilla was insufficient evidence to affiliate him with the BGF, he complained *only* of the negative impact that the information had on his parole hearing.  He did not make any claim that he was placed at risk of physical harm by being identified as a BGF given the fact that he was, in truth, affiliated with the Crips criminal gang.  (*See* Doc. 1, pp. 56-63.)

In any event, the Court finds this action is barred by the statute of limitations.  Further, since Plaintiff has already had two opportunities to correct the defects in his pleading and he still has not stated a claim—and his documents demonstrate that he cannot do so—further leave to amend will not be granted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

## II. CONCLUSION & ORDER

Accordingly, the Court **ORDERS**:

1. This action is **DISMISSED** with prejudice; and
2. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated: **June 29, 2016**            /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE